United States District Court
Southern District of Texas
**ENTERED**
December 14, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | Criminal Action No. H-11-473 |
| v. | § | |
| | § | Civil Action No. H-15-0273 |
| SYNACA THOMAS. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant, a federal inmate proceeding *pro se*, filed this section 2255 motion challenging his convictions. (Docket Entry No. 118.) The Government filed a motion for summary judgment (Docket Entry No. 123), to which Defendant filed a response (Docket Entry No. 126).

Based on consideration of the motions, the response, the record, and the applicable law, the Court **GRANTS** the motion for summary judgment and **DENIES** the section 2255 motion, as follows.

### I. PROCEDURAL BACKGROUND AND CLAIMS

Defendant pleaded guilty to conspiring to make and possess counterfeit federal reserve notes, making counterfeit federal reserve notes, and possession of a firearm by a felon. After the plea, and while in custody of the Joe Corley Detention Center awaiting sentencing, Defendant attempted to have his wife deliver marijuana and tobacco to him at the facility. Facility officials intercepted the contraband, which Defendant's wife had

hidden in a bag of candy. The Court subsequently sentenced Defendant to three consecutive terms of incarceration totaling 262 months. The convictions were affirmed on appeal.

In the instant proceeding, Defendant claims that his guilty plea was involuntary due to trial counsel's ineffectiveness. Defendant alleges that counsel "guaranteed" that he would receive a three-point reduction for acceptance of responsibility. He asserts that at sentencing, however, he was denied the reduction due to a 2009 state conviction for making terroristic threats against witnesses in this federal case. Defendant argues that, but for counsel's alleged false guarantee, he would not have pleaded guilty and would have proceeded to trial.

The Government argues that the claim has no merit and should be dismissed.

## II. FACTUAL BACKGROUND

Defendant pleaded guilty to the following facts as set forth by the Government at the plea hearing:

> On April 6, 2010, Secret Service Agents executed an arrest warrant for [Defendant] and [his wife] outside their apartment at 222 Mason Creek Dr., Katy, Texas, within the Southern District of Texas. [Defendant] confessed to bleaching and manufacturing counterfeit Federal Reserve Notes and provided consent to search his apartment, where computer equipment, printers, latex gloves, degreaser for bleaching bills, templates for positioning bills, counterfeit Federal Reserve Notes, and a firearm was recovered. Evidence of counterfeit $100 images were discovered on the computer's hard drive. The serial numbers on the Federal Reserve Notes stored on the computer matched those which had been passed by [Defendant], [his wife], and others known to law enforcement.
>
> Included in [Defendant's] statement was an admission to possession of the firearm, a Taurus, .357 Magnum. John Lazzaretto, a fingerprint expert

employed by the Houston Police Department, examined the judgments from the defendant's prior felony convictions and compared them to defendant's known prints from his booking sheet. Officer Lazzaretto determined the known prints from the defendant were a match for the prints from the defendant's prior felony convictions.

Special Agent Greg Alvarez of Bureau of Alcohol, Tobacco, and Firearms established the interstate nexus of the firearm. The Taurus, model R462, .357 caliber revolver was manufactured in the country of Brazil.

On January 19, 2011, Secret Service Agents executed a search warrant at the new residence that belonged to [Defendant] and [his wife]. In that home, agents found items nearly identical to those used for counterfeiting that were seized from their apartment in April of 2010, and [Defendant] was again in possession of a firearm. Subsequent forensic examination of digital storage devices uncovered images of counterfeit Federal Reserve Notes that matched the serial numbers of notes seized during [Defendant and his wife's] April 2010 arrest.

Finally, between January 2009 and the date of this agreement, Secret Service agents have recovered over 487,000 dollars in counterfeit currency that corresponds to counterfeit currency identified as the currency produced and passed by [Defendant and his wife].

(Docket Entry No. 95, pp. 10–12.)

### III. LEGAL STANDARDS

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant to section 2255: (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) a lack of jurisdiction of the district court that imposed the sentence; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255

is an extraordinary measure, and cannot be used for errors that are not constitutional or jurisdictional if those errors could have been raised on direct appeal. *United States v. Stumpf*, 900 F.2d 842, 845 (5th Cir. 1990). If the error is not of constitutional or jurisdictional magnitude, the movant must show the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

## IV. ANALYSIS

To any extent Defendant claims in this proceeding that the Government failed to uphold its agreement not to oppose an adjustment for acceptance of responsibility, the claim was raised and rejected on direct appeal. *United States v. Thomas*, 547 F. App'x 612, 613 (5th Cir., Nov. 25, 2013) ("Given that [Defendant] attempted to smuggle marijuana into the jail after his plea, it is not clear and obvious that the Government remained obligated not to oppose credit for acceptance."). Claims that were raised and rejected on appeal may not be raised again in a section 2255 proceeding. *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986); *see also United States v. Fields*, 761 F.3d 443, 466 (5th Cir. 2014).

Defendant was informed prior to entering his guilty plea that any sentencing estimates he had been given by trial counsel, the Government, or a probation officer were not promises and were not binding. In his written plea agreement, Defendant "acknowledge[d] and agree[d] that the Court ha[d] justification and authority to impose any sentence within the statutory maximum set for the offense(s) to which the defendant pleads

4

guilty, and that the sentence to be imposed [would be] within the sole discretion of the sentencing judge." (Docket Entry No. 32, p. 5.) By signing the written agreement, Defendant explicitly acknowledged that

> any estimate of the possible sentencing range under the sentencing guidelines that he/she may have received from his/her counsel, the United States or the Probation Officer, is a prediction, not a promise, did not induce his/her guilty plea, and is not binding on the United States, the Probation Office or the Court.

*Id.*, p. 6.

The record shows that, contrary to Defendant's allegations, this Court's refusal to grant an adjustment for acceptance of responsibility was not based solely on Defendant's state conviction for making terroristic threats against witnesses in this case. At the sentencing hearing, trial counsel correctly acknowledged that Defendant's post-plea involvement in the contraband smuggling incident at the Joe Corley Detention Center presented a problem. Indeed, counsel admitted in open court and in Defendant's presence that "you have the marijuana in the jail *which negates acceptance*[.]" (Docket Entry No. 110, p. 5, emphasis added). The Court agreed that Defendant's post-plea criminal activity while in detention would negatively impact a reduction for acceptance of responsibility:

> THE COURT: The harder problem – I'm willing to accept that he could, today, say he accepts responsibility, but the harder problem is I don't normally give acceptance vis-a-vis the crime that we're here to pronounce sentence upon *has been followed by additional criminal conduct.*
>
> [DEFENSE COUNSEL]: I understand. That was – that's the dilemma.

*Id.*, p. 12 (emphasis added)s. Ultimately, the Court did not grant Defendant an adjustment for acceptance of responsibility, and imposed a total sentence of 262 months' imprisonment.

Thus, even assuming trial counsel had at one point prior to Defendant's plea of guilty "guaranteed" that Defendant would receive the acceptance of responsibility adjustment, it was Defendant's own post-plea criminal behavior while in detention that caused this Court to deny him credit for acceptance of responsibility. Defendant establishes neither deficient performance nor actual prejudice under *Strickland*, and he fails to show that his plea was involuntarily and unknowingly made.

Moreover, the Court is not persuaded by Defendant's protestations that he would have refused to plead guilty and proceeded to trial but for counsel's alleged three-point adjustment guarantee. To establish ineffective assistance of counsel in the context of a guilty plea, a defendant must demonstrate (1) that his attorney's performance fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's errors, defendant would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 56–59 (1985). When assessing prejudice, the Court considers the totality of the circumstances, including, but not limited to, the defendant's evidence to support his assertion he would have proceeded to trial, his likelihood of success at trial, and the risks he faced at trial. *See United States v. Batamula*, 823 F.3d 237, 240–41 (5th Cir. 2016); *United States v. Kayode*, 777 F.3d 719, 725 (5th Cir. 2014). In exchange for Defendant's plea in this case, the Government agreed to dismiss two

of the five counts against him. The record shows that the Government had amassed overwhelming evidence of Defendant's guilt, and that Defendant would have been subject to five consecutive sentences, rather than three, had he proceeded to trial. Defendant proffers no explanation for why proceeding to trial would have been more beneficial than pleading guilty, and his bare assertions provide no proof to warrant habeas relief.

Defendant's section 2255 motion has no merit, and the Government is entitled to summary judgment dismissal of the motion.

## V. CONCLUSION

The Government's motion for summary judgment (Docket Entry No. 123) is **GRANTED**. Defendant's section 2255 motion (Docket Entry No. 118) is **DENIED**. A certificate of appealability is **DENIED**.

The Clerk of Court is **ORDERED TO ADMINISTRATIVELY CLOSE** Civil Action No. H-15-0273.

Signed at Houston, Texas, on this the 12th day of December, 2016.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE